UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAVIER GONZALEZ-GONZALEZ,

Defendant.

Case No. 25-20309
Honorable Laurie J. Michelson

---

## ORDER ON DEFENDANT'S MOTION TO WAIVE PRESENTENCE REPORT AND SET EXPEDITED PLEA AND SENTENCING [12]

On April 12, 2025, Javier Gonzalez-Gonzalez was arrested by immigration officials and, 12 days later, was charged in a criminal complaint with unlawful re-entry following removal from the United States in violation of 8 U.S.C. § 1326(a). (ECF No. 1.) One week after that, Gonzalez-Gonzalez was charged by Information with the same offense. (ECF No. 11.) To expedite his case, and because Gonzalez-Gonzalez anticipates a sentencing guidelines range of 0–6 months, he has filed a motion to waive his presentence report and set an expedited plea and sentencing. (ECF No. 12.) The government opposes only the waiver of the PSR. (ECF No. 19.) The issue can be decided without further argument. *See* E.D. Mich. LR 7.1(f).

"The defendant may not waive preparation of the presentence report." U.S.S.G. § 6A1.1(b). This is because a "thorough presentence investigation ordinarily is essential in determining the facts relevant to sentencing." *Id.*, commentary. As directed by Federal Rule of Criminal Procedure 32, however, the district judge can

dispense with a PSR in certain limited circumstances. *Id.* The Rule provides that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii). Gonzalez-Gonzalez seeks waiver here because "the presentence report process may cause [him] to overserve time in custody" and "will not produce any meaningful information" because pretrial and immigration services have conducted criminal record checks and any other needed information can be provided by the defense at sentencing. (ECF No. 12, PageID.20–21.)

The Court understands the defendant's desire for an expedited sentencing process and will grant the request for an expedited plea and sentencing on the same day. But the Court is not going to dispense with the PSR. As Gonzalez-Gonzalez recognizes, this District has an existing protocol for expediting immigration cases. It was implemented after input from and approval by members of the Bench, Probation Department, United States Attorney's Office, and Federal Community Defender Office. It puts the case on a track for sentencing as early as seven weeks with the preparation of a PSR. In other words, it would put the sentencing within the low end of the guidelines range—without sacrificing the benefits of the PSR. For the government's part, it "has agreed and will continue to agree to expedited PSRs and sentencing hearings in cases where an illegal-reentry defendant likely faces an anticipated small guidelines range. The U.S. Attorney's Office has also agreed to

2

move a sentencing date if a PSR is completed even earlier, and it will continue to do so." (ECF No. 19, PageID.39.)

To state the obvious, the PSR provides comprehensive information about the Section 3553(a) factors that the Court can study and consider in advance of the sentencing in order to make a more meaningful decision. It is the leading guide for calculating the proper guidelines range. It can verify the accuracy of Gonzalez-Gonzalez's criminal history. Indeed, it is not unusual to see some variance in that category between the initial Pretrial Services Report and the final Presentence Report.

And while the defense is correct that unlawful reentry cases might often lack an available contact to verify or supplement the defendant's information, in many other cases a helpful family member can be found. Gonzalez-Gonzalez says this is not such a case and that he has already provided the relevant information. True, the Court acknowledges that he has provided some helpful information already, particularly in his reply brief. (ECF No. 20.) But his motion did not provide sufficient factual background for the Court to find that the information in the record would enable it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without a presentence report. Further, Gonzalez-Gonzalez's brief also makes clear that he has already been interviewed by Probation and they have begun the PSR process. (*Id.* at PageID.50.) And the Court will move up the sentencing if the PSR is completed earlier.

The PSR can also be useful beyond the sentencing hearing. For instance, the PSR is relied upon by the Bureau of Prisons for custody location and classification and by the Court's Probation Department to assist with reentry planning and post-conviction supervision if, for some reason, an unlawful reentry defendant is not (immediately) deported. Likewise, if a defendant tries to re-enter the United States again without permission and new charges are filed, having an existing PSR can help to further expedite that new case.

Thus, defendant's motion is GRANTED IN PART AND DENIED IN PART. The Court will set an expedited plea and sentencing, but will not waive the presentence report. *See United States v. Rodriguez-Soto*, No. 22-308, 2022 U.S. Dist. LEXIS 194673, at *1 (N.D. Okla. Oct. 26, 2022) (denying request to waive PSR in unlawful reentry case even though "the current average time between a change of plea and sentencing in this District is longer than anyone—litigants, attorneys, or the Court—would prefer").

IT IS SO ORDERED.

Dated: May 28, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE